**JESSE JOYNER, JR., alias JESSE JOINER, JR., v. STATE OF FLORIDA.**

30 So. (2nd) 304                                    January Term, 1947
April 29, 1947                                               Division B
Rehearing Denied May 29, 1947

*Lloyd Bass,* for appellant.

*J. Tom Watson,* Attorney General, and *Jesse Warren,* Special Assistant Attorney General, for appellee.

BUFORD, J.:

The appeal brings for review a judgment of conviction under an information presented under the provisions of Section 775.11 Fla. Statutes 1941, alleging that:

"Jesse Joyner, Jr., alias Jesse Joiner, Jr., of the County of Duval and State of Florida, on the twenty-second day of January in the year of our Lord, one thousand nine hundred and forty-six in the County and State aforesaid, having heretofore been, on the fifteenth day of March in the year of Our Lord, one thousand nine hundred and thirty-three, convicted of the crime of robbery, a felony under the laws of the State of Florida, in the Criminal Court of Record of Duval County, Florida, and was by said Court sentenced to serve a term of four (4) years in the State Prison, which said judgment was not reversed and he, the said Jesse Joyner, Jr., alias Jesse Joiner, Jr., having been on the fifteenth day of March, in the year of Our Lord, one thousand nine hundred and thirty-three, convicted of the crime of robbery, a felony under the laws of the State of Florida, in the Criminal Court of Record of Duval County, Florida, and was by said court sentenced to serve a term of four (4) years in the State Prison, which said judgment was not reversed and he, the said Jesse Joyner, Jr. alias Jesse Joiner, Jr., having been on the fifteenth day of March in the year of Our Lord one thousand nine hundred and thirty-three, convicted of the crime of assault with intent to commit murder, a felony under the laws of the State of Florida, in the Criminal Court of Record of Duval County, Florida, and was by said court sentenced to serve a term of two (2) years in the State Prison, which said judgment was not reversed, he, the said Jesse Joyner, Jr., alias Jesse Joiner, Jr., was then and there convicted of the crime of breaking and entering with intent to commit grand larceny, a felony under the laws of the State of Florida, in the Criminal Court of Record of Duval County, Florida, and was by said Court sentenced to serve a term of fifteen (15) years in the State Prison, which said judgment has not been reversed and still

remains in full force and effect, therefore, the said Jesse Joyner, Jr. alias Jesse Joiner, Jr., has been convicted of four felonies under the laws of the State of Florida, contrary to Section 775.10 Florida Statutes 1941, and against the peace and dignity of the State of Florida."

The information was attacked by motion to quash, which motion was denied.

On the trial it was shown that the defendant had been three times convicted on the 15th day of March, 1933, as alleged in the information, and that on the 22nd day of January, 1946, a judgment of conviction had been entered against the defendant for the crime of breaking and entering with intent to commit grand larceny; but, it was also shown that appeal and supersedeas had been taken from that judgment and that the judgment of conviction was at the time of the filing of the information and at the time of the trial on appeal before the Supreme Court of State of Florida.

At the close of the testimony defendant moved for a directed verdict. In this motion the sufficiency of the evidence to sustain a verdict was challenged upon the ground that the State's evidence showed that the alleged conviction of January 22, 1946, had been and was then superseded by the appeal to the Supreme Court and that no action had been taken by the Supreme Court to dispose of the case and that the evidence was insufficient to sustain a verdict.

The provisions of Section 775.11 only authorize the filing of an information as described therein in cases where there has been a previous conviction of the crime denouunced by Section 775.09 of Section 775.10, Fla. Statute 1941. This information attempted to charge that a conviction had been had of the defendant under the provisions of Section 775.10, supra.

It appears to be very well settled that before a prior conviction may be relied upon to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court. See McAlester v. State, 16 Okla. Cr. R. 70, 180 Pac. 718; State v. Volmer, 6 Kan. 379; Commonwealth v. McDermott, 224 Pa.

363, 73 Atl. 427; Long v. State, 17 Okla. Crim. R. 672; 192 Pac. 427; State v. Zounick, 133 Wash. 638, 234 Pac. 659; Neal v. Commonwealth, 221 Ky. 239, 298 S.W. 704; Arbuckle v. State, 132 Tex. Crim. R. 371, 105 S.W. (2) 219; Newsome v. State, 136 Tex. Crim. R. 114, 123 S.W. (2) 887; Connell v. Board of Registration of Medicine, 128 Me. 523, 149 Atl. 153; Nelson v. State, 116 Neb. 219, 216 N.W. 566; Staniforth v. State, 24 Ohio App. 208, 156 N.E. 924; People ex rel. Bistany v. Brophy, 173 Misc. 572, 18 N.Y.S. (2) 491.

The judgment of conviction referred to in the information as the fourth conviction of a felony was at the time of the filing of the information, and at the time of the trial, not final and effective and, therefore, such judgment could not at that time be relied upon as a basis for the information and proof thereof was not sufficient to support the conviction.

Aside from what has been hereinbefore said, we are impelled to hold that the information failed to charge the three former convictions alleged to have occurred on March 15, 1933, to have occurred in such manner as to constitute a basis for the allegation that the conviction alleged to have occurred on January 22, 1946, was a fourth conviction of a felony within the purview of Sec. 775.10 Fla. Statutes 1941 (same F.S.A.). To constitute a second or a fourth conviction within the purview of Sec. 775.09 or Sec. 775.10, supra, the information or indictment must allege and the evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction. In other words, the second conviction must be alleged and proved to have been for the crime committed after the first conviction. The third conviction must be alleged and proved to have been for a crime commited after both the first and second convictions, and the fourth conviction must be alleged and proved to have been for a crime committed after each of the preceding three convictions.

There are two reasons why this is true: (1) because the purpose of the statute is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed. It is contemplated that an opportunity for

reformation is to be given after each conviction. (2) This construction is implicit in the statutes. The statute was originally chapter 12022 Acts of 1927. The present Sections (775.09, 775.10 and 775.11, supra, were respectively sections 1, 2 and 3 of that Act. Sec. 775.09, supra) provides in terms that the second offense must have been committed subsequent to the first conviction. So in the instant case no information under Sec. 775.11 would have been available to charge conviction of the second offense on March 15, 1933 under Section 775.09, supra.

If there was no second offense chargeable as contemplated by the statute certainly such second conviction could not be used as a basis for charging the offense contemplated by Sec. 775.10, supra.

Sec. 1 of the 1927 Act, now Sec. 775.09, fixed the standard for the determination of the question as to whether or not one could be prosecuted as a second or subsequent offender and, as hereinbefore said, without it being required that the second offense should have been committed after the first conviction and that the third offense should have been committed after the second conviction, and so on. Under the standard so fixed, the requirement is clearly apparent and therefore the motion to quash the information should have been granted.

We find that the courts in this Country are not entirely in harmony with the views above expressed but it is our conclusion that a majority of the courts and the weight of authority supports this conclusion.

In the case of Allen v. Commonwealth, 277 Ky. 168, 125 S.W. (2) 1013, the Supreme Court of Kentucky said:

"As the case must be retried we may as well point out that both the indictment and the instructions were insufficient to warrant a conviction under the Habitual Criminal Act. Kentucky Statutes, Section 1130. In order that a conviction may be considered the third conviction under the Habitual Criminal Act, the accused must have committed, and been convicted of, a second felony subsequent to his conviction of a first one, and the third crime and conviction thereof must be subsequent to the second conviction. This matter is fully discussed in the case of Cobb v. Commonwealth, 267 Ky. 176, 101 S.W. (2) 418. See also Coleman v. Commonwealth, 276 Ky. 802, 125

S.W. (2) 728, decided February 14, 1939. On the next trial the indictment should conform to the principles enunciated in that opinion and the jury instructed accordingly."

In Holst v. Owens, 24 Fed. (2) 100, the Circuit Court of Appeals of the Fifth Circuit said:

"It cannot legally be known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense. Likewise, a third or any subsequent offense implies a repetition of crime after each previous conviction. Singer v. United States (C.C.A.) 278 F 415; Biddle v. Thiele (C.C.A.) 11 F. (2d) 235;" . . .

This view is amply supported by Commonwealth ex rel. Turnpak v. Ashe, 339 Pa. 403, 51 Atl. (2) 359; Cobb v. Commonwealth, 267 Ky. 176, 101 S.W. (2) 418 Coleman v. Commonwealth 276 Ky. 802, 125 S.W. (2) 782; Ellis v. State, 134 Tex. Crim. R. 346, 115 S.W. (2) 660; U.S. v. Lindquist et al., 285 Fed. 447; Biddle v. Thiek 11 Fed. (2) 235 and People v. Spellman, 136 Misc. R., 25, 242 N.Y.S. 68. In each of these cases numerous authorities are cited to support the holding.

For the reasons stated, the judgment is reversed with directions that the information be quashed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.