**JESSE R. MOWERY v. NATHAN MAYO, Prison Custodian of the State of Florida.**

31 So. (2nd) 249                                    June Term, 1947
June 24, 1947                                       Special Division A

*Jesse R. Mowery,* in proper person.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for respondent.

WILLIAMS, Associate Justice:

Writ of habeas corpus issued by direction of the Chief Justice, predicated on a letter, dated June 5, 1947, addressed to "Chief Justice of State Supreme Court, et al.," by petitioner, No. 40,447, State penitentiary, Raiford, Florida, alleging that he is illegally detained in the State Prison, under our "Baumes Law," Laws of Florida, 1927, Chapter No. 12022, Sec. 775.09, 775.10 and 775.11, F. S. 1941, F.S.A. Respondent by return asserted that he held petitioner by virtue of a commitment from the Criminal Court of Record, Duval County, Florida, dated June 12, 1946, which committed petitioner to the State penitentiary for life, as a fourth offender, and respondent reflected in his return a copy of the commitment and of the judgment and sentence.

On review of the record, we find the criminal career of petitioner as follows:

(1) Convicted July 24, 1930, of bigamy, Superior Court, Yakima County, Washington, and sentenced to serve five years in the State penitentiary, which judgment was not reversed.

(2) Sentenced November 6, 1939, in the County of San Francisco, State of California, for five years, for conviction of grand theft, in Case No. 30,599, in said court, which has not been reversed.

(3) November 6, 1939, convicted of grand theft in Criminal Action No. 30,600, in the Superior Court of San Francisco, California, and sentenced to serve five years in the State penitentiary of California, by the Adult Authority of the State of California, which has not been reversed.

(4) Convicted in the Criminal Court of Record of Duval County, Florida, March 12, 1946, of the offense of bigamy, and sentenced by said court to serve a term of five years in the Florida State Prison, which sentence has not been reversed.

The third conviction was not for an offense subsequent to the second conviction, an essential requirement to make petitioner amenable as a fourth felony offender under the law mentioned. See Joyner v. State, 158 Fla. 806, decided April 29, 1947. The sentence imposed is void.

Respondent is ordered to deliver petitioner to the Sheriff of Duval County and by him to be presented to the Criminal Court of Record of said County, for proper judgment and sentence.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.