**EX PARTE: CHARLES CANTRELL**

31 So. (2nd) 540                      June Term, 1947
August 1, 1947                         Division B

*Charles Cantrell,* in proper person, for petitioner.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for respondent.

BUFORD, J.:

Charles Cantrell, a prisoner confined in the State Prison at Raiford, Florida, recently transmitted to the Chief Justice and Justices of this Court a letter in which he averred, in effect, that he was unlawfully restrained of his liberty by the Prison Officials of the State of Florida in that on June 12, 1946, he was convicted in the Criminal Court of Record of Duval County under the provisions of Sections 775.10 and 775.11 of Florida Statutes 1941 (same F.S.A) of a fourth conviction of a felony and was sentenced under the judgment of such conviction to State Prison at hard labor for the full term and period of the balance of his natural life.

We considered this letter as a petition for writ of habeas corpus and on July 23, 1947, issued our writ of habeas corpus directed to the Honorable Nathan Mayo as Prison Custodian of the State of Florida.

The return shows that petitioner is held under a commitment issued out of the Criminal Court of Record in and for Duval County on June 12, 1946, under a judgment, which judgment is as follows:

"It appearing to the court that the defendant Charlie Cantrell alias Charles Cantrell, has this day been found guilty of Fourth Conviction of a Felony, being case No. 27029; and

"It appearing to the court that said defendant, Charlie Cantrell alias Charles Cantrell, was on April 16th A. D. 1946 convicted of the crime of Breaking and Entering with intent to Commit a Felony and Grand Larceny, case No. 26784, and on said date sentenced to a term of TEN YEARS in the State Prison, and

"It also appearing to the Court that said defendant, Charlie Cantrell alias Charles Cantrell, was on May 6th 1946, convicted of the crime of Grand Embezzlement, case No. 26822, and on said date sentenced to a term of Five years in the State Prison, said sentence to run concurrently with sentence in case No. 26784;

"It is, therefore, ordered by the Court that the sentence heretofore imposed on the defendant Charlie Cantrell alias Charles Cantrell upon information No. 26784 and No. 26822, as above stated, be and the same are hereby vacated, and the

defendant held for sentence in the case No. 27029, as required in Section 775.11 Florida Statutes 1941.

"Now again on this day came the State of Florida by Wayne E. Ripley as County Solicitor for Duval County, Florida, who prosecutes for the State of Florida; came also the defendant Charlie Cantrell alias Charles Cantrell, in proper person; whereupon the defendant, Charlie Cantrell alias Charles Cantrell, was adjudged by the Court to be guilty of the offense of Fourth Conviction of a Felony, and the said defendant Charlie Cantrell, alias Charles Cantrell, being asked by the Court if he had anything to say why the sentence of the law should not be passed upon him and said defendant saying nothing sufficient, it is, thereupon, considered by the Court and it is the sentence of the law and the judgment of the Court that you, Charles Cantrell alias Charlie Cantrell be delivered by the Sheriff of Duval County, Florida to the proper officer of the State Prison of the State of Florida, there to be confined at hard labor for the full term and period of THE BALANCE OF YOUR NATURAL LIFE."

The Information upon which this Judgment was based charges: "that Charlie Cantrell alias Charles Cantrell of the County of Duval and State of Florida, on the sixth day of May in the Year of our Lord, one thousand nine hundred and forty six in the County and State aforesaid, having theretofore on the 17th day of November in the year of our Lord one thousand nine hundred and thirty eight been convicted in the Criminal Court of Record in and for Dade County, Florida, a felony, to-wit:

"Breaking and entering a dwelling house with intent to commit a misdemeanor, to-wit: Petit Larceny, and was by said Court sentenced to serve a term of three years in the State Prison, which said sentence was not reversed; the said Charlie Cantrell alias Charles Cantrell was convicted in the Criminal Court of Record in and for Duval County, Florida, on the sixteenth day of April, in the year of our Lord one thousand nine hundred and forty six of two felonies, to-wit Breaking and entering a Dwelling House with the Intent to Commit Grand Larceny and Grand Larceny, and was by said Court sentence to serve a term of Ten Years in the State Prison,

which said sentence was not reversed and still remains in full force and effect, the said Charlie Cantrell alias Charles Cantrell was convicted of Grand Embezzlement, a felony under the laws of the State of Florida, in the Criminal Court of Record in and for Duval County, Florida, and was by said Court sentenced to serve a term of Five Years in the State Prison, which said sentence was not reversed and still remains in full force and effect, therefore, the said Charlie Cantrell alias Charles Cantrell has been convicted of four felonies under the laws of the State of Florida, contrary to Section 775.10 of the Florida Statutes of 1941, and against the peace and dignity of the State of Florida, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

Thus, it is seen that the first of the four convictions relied on occurred on the 17th day of November, 1938 in the Criminal Court of Record of Dade County, Florida. The second and third conviction occurred on the 16th day of April, 1946, in the Criminal Court of Record of Duval County and the fourth conviction occurred on the 6th day of May, 1946 in the Criminal Court of Record of Duval County.

The convictions which occurred on April 16, 1946, were of the crime of Breaking and Entering a Dwelling House with Intent to Commit Grand Larceny and the crime of Grand Larceny. For these offenses he was sentenced to serve a period of Ten (10) years in State Prison. For the crime of which he was convicted on May 6, 1946, he was sentenced to serve a period of five Years in the State Prison, the sentence to run concurrently with the sentence imposed on April 16, 1946. Whether or not the sentence of April 16, 1946, was pursuant to one or two convictions is not clear from the record, but this is immaterial because under the facts shown by the record, such convictions could not be the basis for the conviction under the provisions of Section 775.10 and Section 775.11.

In the case of Joyner v. State, 158 Fla. 806, 30 So. (2nd) 304, we held:

"In order to constitute a second or a fourth conviction within purview of habitual criminal statute, the information

or indictment must allege and evidence must show that offense charged in each information subsequent to the first was committed and conviction therefor was had after date of the then last preceding conviction."

On authority of our opinion and judgment in the case of Joyner v. State, supra, we must hold that the conviction of the petitioner as a fourth offender and the judgment and sentence pursuant to such conviction was without authority of law and the petitioner is entitled to be discharged from that sentence but inasmuch as it appears from the record that the sentence imposed on April 16, 1946 in case No. 26784 and the sentence imposed on May 6, 1946 in case No. 26822 were vacated and set aside by the court in its Order of June 12th 1946, the petitioner is remanded to the custody of Nathan Mayo as Prison Custodian to be by him delivered to the Sheriff of Duval County and by the Sheriff of Duval County to be presented to the Criminal Court of Record of Duval County, there to have the judgment and sentences of April 16, 1946, and May 6, 1946, reinstated by the Order of said Court.

It is so ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.