**STATE OF FLORIDA v. JAMES H. SMITH, also known as ROBERT G. SMITH.**

34 So. (2nd) 533                                    January Term, 1948
March 23, 1948                                              Division A

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellant.

*Jame H. Smith,* in proper person, for appellee.

SEBRING, J.:

On September 4, 1947, an information was filed in the Criminal Court of Record of Duval County against the Appellee Smith, charging him with having twice been convicted

of felony contrary to Section 775.09 Florida Statutes 1941. A motion to quash the information was filed by the appellee. Thereafter, the trial judge made his order sustaining said motion to quash. The State of Florida, under authority of section 924.02 and 924.07, Florida Statutes 1941, has taken an appeal from the order.

The information charged in substance that on May 29, 1945, in Duval County, the appellee was convicted of the larceny of an automobile and sentenced to serve a term of five years in the State Prison; that while serving the sentence he escaped from the State Prison and returned to Duval County where, on July 20, 1947, he committed another felony and subsequently on August 26, 1947 was duly tried and found guilty thereof and was sentenced by the Criminal Court of Record of Duval County to serve a sentence of three years therefor, the sentence to commence after the expiration of the sentence therefor imposed for the first offense committed; that both the judgments are in full force and effect and therefore the appellee has been duly convicted of two felonies contrary to the provisions of section 775.09 Florida Statutes, 1941.

The reason given by the trial judge for quashing the motion is contained in his order. The order recites, that it is "Ordered and adjudged that the information on file herein and each and every count thereof be and the same is hereby quashed for the reason that it affirmatively appears from the information that the Defendant has not had an opportunity for reformation after the conviction of the first felony charged in the information and that the Defendant has not completed the punishment prescribed for the first felony charged in said information."

The first question raised by the State on appeal is whether or not the information which was quashed was sufficient to charge the offense denounced by section 775.09, Florida Statutes, 1941; that is to say, the second conviction of a felony.

Section 775.09, supra, provides that "A person who, after having been convicted within this state of a felony or an

attempt to commit a felony . . . commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction."

It will be observed that the requirements of the statute with regard to second offenders are (1) that the accured be convicted of a felony; (2) that such person, after said conviction, commit another felony of this state; and (3) that he be convicted of such second felony. The information filed in the case at bar fully meets these requirements.

The second question raised on the appeal is whether or not the law requires that the alleged second offender shall have fully completed the punishment prescribed for the commission of the first felony before he can be sentenced as a second offender.

The circumstances under which a person may be punished as a second offender are prescribed by statute; and our statute contains no requirement that a second offender must have completed his sentence for the first crime, or any part thereof, before he can be sentenced as a second offender after having been duly convicted of a second felony. What the statute requires is that the accused *commit* and be convicted of a seccond felony in Florida "after having been *convicted* . . . of a felony." The word "convicted," as used in the statute, means the adjudication by the court of the defendant's guilt and the pronouncement by the court of the penalty imposed on the defendant upon the acceptance of a plea of guilty or upon a verdict of guilty, or a finding of guilty by the court. See Secs. 921.01 and 921.05 Florida Statutes 1941. It has nothing to do with the actual service of imprisonment as the result of the sentence imposed pursuant to the adjudication of guilt. See Smith v. State, 75 Fla. 468, 78 So. 530; Timmons v. State, 97 Fla. 23, 119 So. 393.

The order appealed from should be reversed.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.