STATE OF FLORIDA v. WILLIE BELL, alias PUNK CARLISLE, alias POMPIE CARLYLE UTSEY, alias CALI BELL, alias CARLISLE BELL.

37 So. (2nd) 95                                    June Term, 1948
October 5, 1948                                 Special Division B
Rehearing denied October 27, 1948.

J. *Tom Watson,* Attorney General, *Ernest W. Welch,* Assistant Attorney General, and *Lucille Snowden,* Special Assistant Attorney General, for appellant.

*Lloyd Bass,* for appellee.

ADAMS, J.:

The State has appealed from an order entered in a criminal case vacating a life sentence and quashing the information.

In 1941, an information was filed against appellee attempting to charge conviction of four felonies. Two convictions were alleged dated August 28, 1930. A third conviction was alleged in 1937 and a fourth in 1941. A plea of

guilty was entered and life sentence imposed. In 1947, appellee filed a motion before the court which imposed the life sentence to vacate the conviction and sentence. The trial court granted the motion and also quashed the information. The State has appealed and asserts error was committed by quashing the information because while the information was insufficient to charge a fourth conviction it was sufficient to charge a second offense.

No one questions that the information was insufficient to charge a fourth offense under our holding in Joyner v. State, 158 Fla. 806, 30 So. 2nd 304. Likewise no point is raised of the want of authority in the trial court to entertain the motion.

Addressing the main question, we are convinced that the information was sufficient to charge a second offense. Appellee contends the contrary because the information did not allege positively and directly that after appellee was first convicted he thereafter committed another felony. He relies upon our opinion in State v. Smith, 160 Fla. 288, 34 So. 2nd 533. It is true that the information does not, by direct allegation, make such a charge however the facts which are alleged show beyond any question that a conviction was had in 1930, one in 1937 and another in 1941. It did not wholly fail to allege a second conviction. The only question now is whether it is so defective as to charge no offense.

It was error to discharge appellee and quash the information. He should have been sentenced as a second offender. Mowery v. Mayo, 159 Fla. 185, 31 So. 2nd. 249; Scott v. Mayo, 159 Fla. 816, 32 So. 2nd 821; Williams v. Mayo 160 Fla. 169, 33 So. 2nd. 861; Joyner v. State, supra; Sections 775.09, 924.34, Fla. Stat., 1941, F.S.A.

The State also questions the authority of the trial court to entertain the motion in appellee's absence. This contention rests upon Sections 775.09, 775.10 and 775.11, Fla. Stat., 1941, F.S.A. We fail to find harmful error in this contention. The Statute at most is directory and for defendant's benefit. In this case, too, it was stipulated that appellee was in the State Prison and obviously he could not be present without an order

of court. The absence of appellee was not jurisdictional and this contention of the State is not well founded.

The judgment is reversed and the cause remanded for imposition of a proper sentence.

Reversed.

THOMAS, C. J., CHAPMAN and HOBSON, JJ., concur.