DREW, Justice. '
The petitioner, Sam Copeland, is confined for “The balance of [his] natural life” in the Florida State Prison at Raiford due to conviction in the Criminal Court of Record of Duval County pursuant to section 7107, Compiled General Laws of Florida, 1927, presently section 775.10, Florida Statutes, 1951, F.S.A. This Act, referred to as the “Habitual Criminal Statute,” orders trial and commitment to life imprisonment upon the fourth consecutive conviction for a felony.
Petitioner avers and the record bears him out that he has been convicted of four felonies but was convicted of them in pairs— two on each of two days, namely, two charges of breaking and entering with intent to commit grand larceny on January 14, 1936, and two charges of the same offense on April 15, 1940. An indictment was also had on the latter date alleging that Copeland’s conviction record rendered him subject to the provisions of the “Habitual Criminal Statute” which call for vacation of prior sentences and substituting therefor the sentence of life imprisonment.
 This Court has held in Joyner v. State, 158 Fla. 806, 30 So.2d 304, that the offenses committed, as well as convictions therefor, must have occurred oh subsequent days to the last preceding offense or conviction in order to be counted under the subject statute, section 775.10, supra. Hence, it is, seen that the conviction of petitioner, Sam Copeland, cannot stand and it is hereby declared a nullity.
However, it appears from respondent’s return that the petitioner is lawfully held under other valid sentences and he is therefore remanded to the custody of the respondent to complete the service of said sentences.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.