72 So.2d 382 (1954)
PERRY
v.
MAYO, Prison Custodian.
Supreme Court of Florida. Special Division B.
May 4, 1954.
*383 Irvin Perry, in pro. per.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THOMAS, Justice.
The court granted a writ of habeas corpus upon the petition of Irvin Perry who challenged the validity of a sentence committing him to the state prison for life because he was an habitual offender as defined in Sec. 775.10, Florida Statutes 1941, and F.S.A.
It appears from the record that in an information the petitioner was charged with having been convicted 28 June 1935 of the crimes of grand larceny and of breaking and entering with intent to commit grand larceny and sentenced to serve fifteen months; with having been convicted 21 October 1942 of the crime of breaking and entering with intent to commit petit larceny and sentenced to serve three years; with having been convicted 26 September 1946 of the crimes of grand larceny and of breaking and entering with intent to commit grand larceny and sentenced to serve five years; and with having been also convicted 26 September 1946 of the crime of breaking and entering with intent to commit petit larceny and sentenced to serve five years. The sentences for the last two offenses were ordered to be served consecutively.
When the sentence of life imprisonment was imposed the last two sentences were revoked as required by Sec. 775.11, Florida Statutes 1941, and F.S.A. It is not possible to ascertain from the record whether the first two sentences were served; nor can it be determined from the information when any of the four offenses were committed.
Obviously, the information charging the petitioner with being a fourth offender was deficient because we have repeatedly held that when two of the four convictions required to invoke the statute are shown to have been obtained the same day, the invalidity of the information to allege facts justifying a life sentence is obvious. Moreover, there is no need further to discuss this feature of the present case because the Attorney General concedes that the life sentence is invalid.
However, it is insisted that the information is sufficient to charge the petitioner as a second offender and that he should be remanded to the trial court for sentence under Sec. 775.09, Florida Statutes 1941, and F.S.A.
This position has sent us on an excursion of our opinions with reference to the showing that must be made in order to impose the added punishment provided by Sections 775.09 and 775.10, supra.
We decided in Joyner v. State, 158 Fla. 806, 30 So.2d 304, 306, that under these laws "the information * * * must allege and the evidence must show that the offense charged in each [original] information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction." (Emphasis supplied.) In that case the Court was dealing primarily with Sec. 775.10, supra, but the principle announced was not *384 inappropriate to Sec. 775.09, supra, because in the latter statute it is expressly provided that "A person who, after having been convicted * * * of a felony * * * commits any felony * * * is punishable upon conviction of such second offense" as prescribed in that law. (Emphasis supplied.)
So the prerequisite of establishing the commission and conviction of an offense before commission and conviction of the succeeding offense is common to both statutes.
Our trouble lies in harmonizing the decisions since Joyner v. State, some of which seem to veer from the rigid rule there pronounced but in most of which the opinion in Joyner v. State was cited.
A few months after the opinion was filed in Joyner v. State, supra, the same author with the same members of the Court participating referred to that decision but said it did not apply in the case then under consideration because it appeared in the information that periods of time had elapsed between convictions that were longer than the sentences imposed. Thus was introduced the principle that in such circumstances an inference could be indulged that in each case, after the first, commission and conviction had occurred after the preceding conviction; and this being so the rigid rule announced in Joyner v. State, supra, was relaxed. Washington v. Mayo, 159 Fla. 477, 31 So.2d 870.
Bearing these two cases in mind, we proceed to examine a few decisions that seem to typify the pronouncements in both.
In Scott v. Mayo, 159 Fla. 816, 32 So.2d 821, the Court held that inasmuch as two of the four felonies described were alleged to have been perpetrated on the same day, a life sentence could not have properly been imposed. Although no terms of sentences appeared, our examination of the original file shows that the information contained the averment that the defendant "after having been convicted of each of the above mentioned felonies [three in number] * * did on June 6, 1942, commit a felony, to-wit: Larceny of [an] automobile * *." (Emphasis supplied.) Patently the sentence of the petitioner as a second offender was warranted, as the Court held, and this view coincided with the opinion in Joyner v. State, supra.
The Court ruled in State v. Smith, 160 Fla. 288, 34 So.2d 533, 534, that there were three requirements with regard to second offenders: "(1) that the accused be convicted of a felony; (2) that such person, after said conviction, commit another felony in this state; and (3) that he be convicted of such second felony." In this case the information complied with the requirements of Joyner v. State, supra, and the Court reiterated the prerequisite there announced.
A similar question was presented to the Court in State v. Bell, 160 Fla. 874, 37 So.2d 95, 96. In substance the Court ruled there that although the information charging a fourth offense under the statute was insufficient, the trial judge erred when he vacated the sentence and quashed the information. This Court concluded that this was erroneous because the information was sufficient to invoke Sec. 775.09, supra, providing punishment for the commission of a second felony for, even though there was no "direct" averment that the second offense was committed after the first conviction, "the facts which are alleged show beyond any question that a conviction was had in 1930, one in 1937 and another in 1941." Although the opinion discloses only the disparity in dates as a reason for invocation of Sec. 775.09, the information in the original file here sets out that between the first two convictions, which occurred on the same day, and the second conviction, and between the second conviction and the third there expired a period of time longer than the sentence previously imposed, so the ruling harmonized with the one in Washington v. Mayo, supra.
A similar situation was present in Hodges v. Mayo, Fla., 65 So.2d 750, and the same ruling was made.
To end the confusion, once for all, we adhere to the rule that in order to form a basis for sentence as a second or fourth offender, it must be established that offenses after the primary one were in each case committed subsequent to conviction for the preceding offense, but we recognize the *385 modification adopted in Washington v. Mayo that an inference will be drawn that this requirement of the statutes has been met if it appears from the information filed under Secs. 775.09 or 775.10 that the periods between the dates of conviction are longer in each case than the sentence imposed. It may be then implied that commission occurred in each case, but the first, after the conviction for the preceding crime.
The conclusion we reach by the above route is that the petitioner should be remanded for judgment and sentence as a second offender because it appears that the time elapsing between the first conviction and the second was more than the term of the sentence; and that the period elapsing between the second conviction and the last two was more than the term imposed on the second conviction.
The trial court is directed to take into account the time already served by the petitioner pursuant to the improper sentence and such "gain" time as he has earned.
ROBERTS, C.J., and DREW and BUFORD, JJ., concur.