THORNAL, Justice.
Guilford has initiated an original proceeding in this Court seeking a writ of habeas corpus to compel respondent to release him from custody which is alleged to be illegal.
The petition stated a prima facie case for the issuance of the writ. The respondent has filed his return. There is no dispute on the facts. The record shows that on January 25, 1944, the petitioner was convicted and sentenced to the State Prison for the commission of four separate felonies. For one felony he was sentenced to serve two years. For another he was sentenced to serve one year to run consecutively to the two-year sentence. On' each of the other two felonies he was sentenced to serve one year to run concurrently with the other two sentences.
The point of the matter is that he was convicted and sentenced for the commission of each of the four felonies on the same date, to wit, January 25, 1944. On *111 April 2, 1946, the State Attorney- filed a fourth offender information against the petitioner, allegedly under Section 775.10, Florida Statutes, F.S.A. On April 9, 1946, the Circuit Judge found the petitioner guilty of being a fourth offender and on that date sentenced him to imprisonment for life. Petitioner remains in prison in the custody of the respondent under the commitment issued pursuant to the fourth offender conviction.
Nothing at all would be accomplished by burdening this'opinion With an extended discussion of the applicable authorities. It is perfectly clear that the fourth offender conviction and sentence should not have been entered under the applicable statute. Section 775.10, Florida Statutes, F.S.A., reads in part as follows:
“A person who, after having been three times convicted Within this state of felonies or attempts to commit felonies, or under the law- of any other . state, government or country of crimes which, if committed within this state, would be felonious, commits, a felony within this state shall be sentenced upon conviction of such fourth or subsequent offense to imprisonment in the state prison for the term of his natural life.”
 We have repeatedly held that under the cited statute in order to justify a conviction as an habitual criminal, the information or indictment must allege and the evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction. The sum of this rule is that the second conviction must be for an offense committed after the first. The third conviction must be for an, offense committed after both the first and second convictions. Finally, the fourth conviction must be for an offense committed after each of the preceding three. We think the statute itself is perfectly clear on this last point. See Joyner v. State, 158 Fla. 806, 30 So.2d 304; Scott v. Mayo, 159 Fla. 816, 32 So.2d 821; Perry v. Mayo, Fla. 1954, 72 So.2d 382.
In fairness to the trial judge we might state that the opinion of this Court in Joyner v. State, supra, construing the statute involved, was filed in 1947, while the judgment under attack in the instant case was entered in 1946. The judge, therefore, did not have the benefit of the opinion when the judgment was entered. Nonetheless, the fourth offender information obviously could not support a fourth offender conviction. Furthermore, as pointed out above, the conviction is hot supported by the record before us.
For all practical purposes the return of the respondent concedes' the erroh in the fourth offender conviction 'and life sentence of this petitioner. Unlike Perry v. Mayo, supra, this record does not reflect a situation where even the second offense' followed the conviction for the first offense. We consequently cannot even apply the rule of the last cited case which involved an interpretation of Section 775.09, Florida Statutes, F.S.A.
We therefore hold that the petitioner is being illegally restrained of his liberty and the respondent is directed to discharge him from custody immediately.
TERRELL, C. J., and HOBSON, ROBERTS, DREW and O’CONNELL, JJ-, concur.