O’CONNELL, Justice.
In petition for writ of habeas corpus filed with this Court the petitioner, Henry Johnson, contended in effect that he had been erroneously sentenced under § 775.10, F.S.A., as a “fourth offender” when in fact he had only been convicted of a felony on two occasions.
Our rule nisi issued wherein respondent, PI. G. Cochran, Jr., Director, Division of Corrections, was directed to show cause why the writ of habeas corpus should not issue.
Respondent has now filed his answer to the rule nisi in which he concludes that the petitioner is entitled to his release and that an order of discharge should be made by this Court.
Respondent has shown that in truth petitioner, prior to the entry of the judgment and sentence complained of, had been convicted on at least four occasions of a felony, despite petitioner’s allegations and inferences to the contrary. Hence, he was subject to the provisions of § 775.10, F.S.A., which statute calls for a sentence of “imprisonment in the state prison for the term of his natural life.”
Respondent, however, has called to this Court’s attention the fact that the information under which petitioner was charged as a “fourth offender” is fatally defective.
*674 The subject information charged that petitioner had been convicted of three felonies, all convictions occurring on December 22, 1936, and had subsequently been convicted of another felony on April 8, 1941. The information contained no allegation that any of the convictions alleged to have occurred on December 22, 1936 was for an offense committed after any of the other convictions alleged to have occurred on that date.
As respondent has pointed out, this Court in Joyner v. State, 1947, 158 Fla. 806, 30 So.2d 304, ruled that such a defect was fatal. In that decision this Court said, at 30 So.2d, p. 306:
“ * * * To constitute * * * a fourth conviction within the purview of * * * Sec. 775.10 * * * the information or indictment must allege and the evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction. In other words, the second conviction must be alleged and proved to have been for a crime committed after the first conviction. The third conviction must be alleged and proved to have been for a crime committed after both the first and second convictions, and the fourth conviction must be alleged and proved to have been for a crime committed after each of the preceding three convictions.”
The rule so established in Joyner, supra, has not been departed from subsequently and is fully applicable to the instant case.
Respondent further points out that even if the information was sufficient to bring into play the provisions of § 775.09, the “second offender” statute, the maximum punishment applicable to the petitioner under that statute under the facts peculiar to his case would have been ten years. The respondent’s brief and its exhibits illustrate that at this time petitioner has already served a longer term of imprisonment than the ten years which would have been authorized under that statute.
We concur in respondent’s conclusion that petitioner is entitled to his release. Accordingly, the petition for writ of habeas corpus is hereby granted and respondent is directed to discharge petitioner from custody immediately.
It is so ordered.
ROBERTS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.