281 So.2d 226 (1973)
Robert Lee COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 72-1004.
District Court of Appeal of Florida, Second District.
August 3, 1973.
*227 James A. Gardner, Public Defender, and Charles H. Livingston, Asst. Public Defender, Sarasota, Judge C. Luckey, Jr., Public Defender, and J. Stephen Gardner, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., Tampa, for appellee.
LILES, Judge.
Robert Lee Coleman was convicted by a jury of having been a felon in possession of a firearm. Before the time had run, he filed his notice of appeal. Notwithstanding this fact, the County Solicitor's office filed a direct information charging him with being a subsequent felony offender under F.S. § 775.084, F.S.A. He filed a motion to dismiss on the grounds that he had appealed his prior conviction, i.e., felon in possession of firearm, and that his conviction of that crime was therefore not final and he could not then be charged under Chapter 775.084, F.S., supra. The trial judge denied his motion to dismiss and forthwith sentenced him to thirty years in Raiford.
The Supreme Court in Joyner v. State, 1947, 158 Fla. 806, 30 So.2d 304, construed the definition of conviction and said:
"It appears to be very well settled that before a prior conviction may be relied upon to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court." 30 So.2d at 305.
Therefore the conviction of felon is in possession of firearm was not final at the time the trial judge found the appellant guilty as a felony offender and the cause must be remanded with directions consistent with this opinion.
MANN, C.J., and BOARDMAN, J., concur.