335 So.2d 876 (1976)
Alvin Lee GARRETT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-620, 75-1009.
District Court of Appeal of Florida, Fourth District.
August 6, 1976.
Richard L. Jorandby, Public Defender, and Frank Kessler and Mitchell J. Beers, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard and Basil Diamond, Asst. Attys. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
Defendant was convicted of larceny of an automobile (Case No. 75-620). Defendant was then convicted of being a subsequent felony offender (Case No. 75-1009). He appeals both of these convictions in this consolidated appeal.
*877 First, we reverse defendant's conviction of larceny of an automobile on two grounds. First, the court reversibly erred in permitting Meg Burke to testify, despite the fact that her name was not furnished to the defense until the day of trial. The court failed to make adequate inquiry into the circumstances surrounding the state's failure to provide the witness' name before the day of trial. Richardson v. State, 246 So.2d 771 (Fla. 1971).
Secondly, the trial court reversibly erred in denying defendant's requested jury instruction on temporary unauthorized use of a motor vehicle. Temporary unauthorized use is a necessarily lesser included offense of larceny of an automobile, Cox v. State, 243 So.2d 611 (3rd D.C.A.Fla. 1971); Wright v. State, 216 So.2d 229 (2nd D.C.A. Fla. 1968). Being a necessary included lesser offense, Brown v. State, 206 So.2d 377 (Fla. 1968), the trial court was required to give instructions thereon, State v. Terry, Fla., 336 So.2d 65. Opinion filed February 25, 1976.
We also reverse defendant's conviction as a subsequent felony offender. The court should have granted defendant's motion to dismiss this information. His being a subsequent felony offender was based upon his conviction of larceny of an automobile, from which he had taken an appeal (Case No. 75-620, the other portion of this consolidated appeal, supra). Since defendant had taken an appeal, his conviction of larceny of an automobile was not final and, therefore, could not be relied upon to convict him as a subsequent felony offender until affirmed by the appellate court. Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). Defendant's second point in this case is moot in light of the foregoing.
In conclusion, we reverse defendant's convictions of larceny of an automobile and of being a subsequent felony offender and remand for a new trial, as to case No. 620 only.
REVERSED AND REMANDED FOR A NEW TRIAL IN CASE NO. 620.
REVERSED AS TO CASE NO. 1009.
DOWNEY, J., and ULMER, RAY E., Jr., Associate Judge, concur.