444 So.2d 71 (1984)
STATE of Florida, Appellant,
v.
Manuel VILLAFANE, Appellee.
Nos. 83-751, 83-752.
District Court of Appeal of Florida, Fourth District.
January 25, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellant.
Bruce L. Randall, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is a consolidated appeal of two identical orders, granting appellee's motions to dismiss informations against him.
*72 Appellee, a clerk in an "adult" bookstore, was arrested and charged with possession of obscene material with intent to sell, in violation of Section 847.011(1), Florida Statutes (1981). He pleaded nolo contendere but reserved the right to appeal denial of certain pretrial motions, under Rule 9.140(b) of the Florida Rules of Appellate Procedure. Such appeal was timely filed, and was still pending when appellee was arrested on two additional occasions on similar charges. However, whereas he was charged in the first instance with a misdemeanor, the subject informations here each charged him with a third degree felony, because Section 847.011(1)(a) provides for the enhanced charge for one previously convicted of violating the same subsection. In each of the two new cases, appellee moved to dismiss on the ground that the prior conviction was not final and therefore could not be the basis for the felony charge. The court heard both motions simultaneously and thereafter issued identical orders in both cases granting the motions to dismiss. The state timely appealed these orders and this court consolidated the two appeals.
The issue is whether the trial court erred in dismissing informations involving charges enhanced because of prior conviction, where the prior conviction was under appeal. We conclude that it did not, therefore we affirm. While there appears to be no case on all fours with the instant ones, there is a line of cases sufficiently parallel to justify analogizing. Here the enhancement is of the crime charged; there, of the punishment to be imposed. The statutory provision at the base of the present issue, Section 847.011(1)(a), Florida Statutes (1981), raises a second offense of possession of obscene matter with intent to sell from a misdemeanor to a third degree felony. In the other line of cases the habitual criminal statute is involved. Now found at Section 775.084, that statute provides more severe penalties for felons and misdemeanants who are recidivists in certain specified respects. Under that statute the court holds a separate proceeding to determine whether the enhanced punishments are necessary for the protection of the public, and whether defendant is a habitual criminal. § 775.084(3).
In Joyner v. State, 158 Fla. 806, 30 So.2d 304 (Fla. 1947), the Florida Supreme Court looked to precedents of other states to derive the following principle:
[B]efore a prior conviction may be relied upon to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court.
Id. at 808, 30 So.2d at 305. Because the purported fourth prior conviction in Joyner was still under appeal both at the time the habitual offender information was filed and at end of trial, (and because of another defect not pertinent here), the supreme court reversed the judgment of conviction. This court followed Joyner and came to a like result in Garrett v. State, 335 So.2d 876 (Fla. 4th DCA 1976). Reversal of defendant's conviction as a subsequent felony offender was justified as follows:
His being a subsequent felony offender was based upon his conviction of larceny of an automobile... . Since defendant had taken an appeal, his conviction of larceny of an automobile was not final and, therefore, could not be relied upon to convict him as a subsequent felony offender until affirmed by the appellate court.
Id. at 877. Coleman v. State, 281 So.2d 226 (Fla. 2d DCA 1973) is a similar case involving Section 775.084, Florida Statutes.
While enhancement of a charge is technically different from enhancement of punishment, the similarity is sufficient to justify analogizing from one to the other. In both situations an information is filed setting forth the defendant's prior conviction or convictions as the basis for the enhancement; and the practical effect on the defendant is the same  more severe punishment. It seems logical that if a conviction *73 is not final for enhancement of punishment so long as appeal of a pertinent prior conviction is pending, the same rule should apply for enhancement of the offense charged.
ANSTEAD, C.J., and WALDEN, J. concur.