DAUKSCH, Judge.
This is an appeal from a sentence as an habitual offender. See § 775.084(l)(a)2, Fla.Stat.[1] Because the “prior felony” relied upon by the judge in enhancing appellant’s sentence was not yet final, it was improper to enhance the punishment. Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Garrett v. State, 335 So.2d 876 (Fla. 4th DCA 1976); Ward v. State, 332 So.2d 698 (Fla. 4th DCA 1976); Coleman v. State, 281 So.2d 226 (Fla. 2d DCA 1973); See also Ruffin v. State, 397 So.2d 277 (Fla.1981).
The sentence is vacated and this cause remanded for resentencing.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.

. § 775.084(l)(a)2, Fla.Stat., states:
The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant s release, on parole or otherwise, from a prison sentence or other' commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.