PER CURIAM.
Appellant, Kenneth Lampley (Lampley), appeals his convictions and sentences for burglary and petit theft. We affirm the convictions, but reverse and remand for resentencing.
Lampley contends that the trial court erred in designating him as “habitual”, because all of his prior convictions were entered on the same date. Appellee, State, asserts that multiple convictions imposed on the same date may be counted as more than one offense.
Section 775.084, Florida Statutes (1989), requires a defendant have at least two pri- or felony convictions before he can be declared a habitual offender. These convictions must be sequential, “... the defendant must have committed the second offense, subsequent to his conviction on the first offense....” Shead v. State, 367 So.2d 264, 266 (Fla. 3d DCA 1979); see also Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Hayes v. State, No. 90-2581 (Fla. 3d DCA June 25, 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990). Public policy dictates that the offender be given a chance to reform before the label of “habitual” is attached. Joyner v. State, 158 Fla. at 806, 30 So.2d at 304; Barnes v. State, 576 So.2d at 758.
We find that the trial court erred in designating Lampley as a habitual offender. All of his prior convictions, which constituted the basis of his habitual offender classification, and thus, his enhanced sentence, were entered on the same day. To uphold that designation would be both contrary to case law and public policy.
We find no merit in appellant’s other arguments which attack the underlying convictions and seek a new trial. Accordingly, we affirm the convictions under review, and reverse and remand the cause for resentencing within the sentencing guidelines. Moreover, upon the State’s confession of error, the trial court should credit the defendant with 117 days which he served in the county jail prior to the original sentence — as well as the amount of time served by the defendant in the county jail and state prison since the imposition of the original sentence.