REVISED OPINION
HUBBART, Judge.
This is an appeal by the defendant Johnny Hayes from a judgment of conviction and sentence for two counts of sale of a counterfeit controlled substance as a felony [§ 817.563(1), Fla.Stat. (1989)]. The defendant’s sole point on appeal is that the trial court erred in imposing a sentence of four years imprisonment, unrestrained by the sentencing guidelines, under the habitual offender statute [§ 775.084(1)(a), (4)(a)(3), Fla.Stat. (1989) ], because the predicate requirement of two prior felony convictions was not established below. We disagree and affirm.
In order to invoke the habitual felony offender provisions of Section 775.084, Florida Statutes (1989), it must be established inter alia that “[t]he defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.” § 775.-084(1)(a)(1), Fla.Stat. (1989). Florida courts have long imposed a gloss on this statutory requirement as it appeared in past similar versions of the habitual offender statute, namely, “the defendant must have committed the second [felony] offense subsequent to his conviction on the first [felony] offense.” Shead v. State, 367 So.2d 264, 266 (Fla. 3d DCA 1979); see Lovett v. Cochran, 137 So.2d 572 (Fla.1962); Perry v. Mayo, 72 So.2d 382 (Fla.1954); Mayo v. State ex rel. Murray, 66 So.2d 256 (Fla.1953); Reed v. Mayo, 61 So.2d 757 (Fla.1952); Scott v. Mayo, 159 Fla. 816, 32 So.2d 821 (1947); Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). The recent decision of Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc), reiterates this gloss as to the current statute. The underlying rationale behind this sequential requirement has been explained as follows:
“The reason for this rule fully comports with the purpose of the habitual criminal statute. ‘[T]he purpose of the statute is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed. It is contemplated that an opportunity for reformation is to be given after each conviction.’ Joyner v. State, 158 Fla. 806, 809-10, 30 So.2d 304, 306 (1947). The legislature in enacting the statute intended it to serve as a warning to offenders in the early stages of crime and to afford them an opportunity to reform upon pain of enhanced punishment if they do not. ‘[T]he reason for the infliction of the severer punishment for a repetition of offenses is not so much that (the) defendant has sinned more than once as that he is deemed incorrigible when he persists in *580 violations of the law after conviction of previous infractions.' Anno., 24 A.L.R.2d 1247, 1249 (1952). It therefore follows that the requirement of two prior [felony] or qualified offense convictions under the habitual criminal statute means that the defendant must have committed the second offense subsequent to his conviction on the first offense and thus showed a persistence in a pattern of crime notwithstanding an opportunity to reform.”
Shead v. State, 367 So.2d at 266-67.
In the instant case, the state relied on two prior felony convictions of the defendant for (1) sale of cocaine, and (2) possession of cocaine to invoke the habitual felony offender sentencing provisions of Section 775.084, Florida Statutes (1989); certified copies of these convictions, along with the informations thereon, were introduced in evidence below. These offenses were, respectively, committed on June 2, 1989 and June 15, 1989; the defendant, however, was convicted of both these offenses on August 9, 1989. It is therefore indisputably clear that the defendant did not commit the second offense of possession of cocaine subsequent to his conviction on the first offense for sale of cocaine; accordingly, these two prior felony convictions were, as urged, insufficient to invoke the enhanced sentencing provisions of the habitual offender statute. Clearly, if nothing else appeared in the record, we would be compelled to reverse the sentence under review. Collazo v. State, 573 So.2d 209 (Fla. 3d DCA 1991).
However, a presentence investigation report, which was considered by the trial court at the sentencing hearing below, indicates that on June 11, 1988, the defendant was convicted of the felony of sale of a counterfeit controlled substance and placed on three years probation, which probation was later revoked resulting in a short prison sentence. On February 8, 1989, the defendant was released from prison on this felony conviction, and, as previously noted, he then committed two additional felonies of sale and possession of cocaine on June 2, 1989 and June 15, 1989 for which he was convicted August 9, 1989.
It is therefore clear that “[t]he defendant has previously been convicted of ... two felonies in this state,” § 775.-084(1)(a)(1), Fla.Stat. (1989), namely, the (1) June 11, 1988, felony conviction for sale of a counterfeit controlled substance, and (2) the August 9, 1989, felony conviction[s] for sale and possession of cocaine. It is further clear that the defendant committed the second felony offense[s] of sale and possession of cocaine in June 1989, which was subsequent to his conviction on the first felony offense for sale of a counterfeit controlled substance in June 1988 — thus satisfying the sequential requirement that “the defendant must have committed the second [felony] offense subsequent to his conviction on the first [felony] offense.” Shead.
Affirmed.