ZEHMER, Judge.
Elbert Lee Martin appeals a judgment and sentence entered in circuit court case number 89-1054 adjudicating him guilty of two counts of false imprisonment with a firearm, two counts of aggravated assault, one count of burglary with assault, and one count of battery, and sentencing him as a habitual offender. He also appeals judgments and sentences entered in circuit court case numbers 90-580 and 90-1327, each of which adjudicated him guilty of escape and sentenced him as a habitual offender. Martin asserts on appeal: (1) in ease number 89-1054, that the trial court erred in admitting evidence of prior bad acts; (2) in all three cases, that the court erred in sentencing him as a habitual offender without first making the statutorily-required findings of fact; and (3) in case number 90-1327, that the court erred in sentencing him as a habitual offender because the offense for which he was being sentenced was not committed within 5 years of either the date of the conviction of the last prior felony or his release from custody for a prior felony conviction. With respect to the first issue, we affirm without discussion. We are constrained to reverse and remand on the second and third issues, however, for the following reasons.
The trial judge orally adjudicated Martin guilty in case number 89-1054 on March 30, 1990, but withheld the entry of judgment and sentence to allow time for a pre-sentence investigation. On April 8, 1990, Martin escaped from jail, and this escape is the subject of case number 90-580. On August 13, 1990, Martin again escaped from jail, and this escape is the subject of case number 90-1327. On November 9, 1990, the trial court held a hearing during which it entered judgments and sentences in all three of these cases.
Martin correctly argues that the trial court erred in sentencing him as a habitual offender in all three cases without making any of the findings required by section 775.084(l)(a), Florida Statutes (1989). The law is well settled that a sentencing court’s failure to comply with its statutory duty to make the findings required by section 775.-084(l)(a) is fundamental error. Walker v. State, 462 So.2d 452, 454 (Fla.1985); Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991). See also, Simon v. State, 589 So.2d 381 (4th DCA 1991); Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991); Smith v. State, 573 So.2d 194 (Fla. 3d DCA 1991).[1] Because the trial court failed to make the statutorily-required findings prior to sentencing Martin as a habitual offender in these cases, we vacate the sentences entered in these three cases and remand for resentencing.
On remand, the trial court may not again sentence Martin as a habitual offender in case number 90-1327 because the offense that is the subject of this conviction was not committed within 5 years of the date of conviction of the last prior felony or within 5 years of Martin’s release from his previous prison sentence. The state argues on appeal that Martin’s habitual offender status in case number 90-1327 was based not on his June 10, 1985, release from prison, but on his conviction for the offenses that are the subject of case number 89-1054. According to the state, the conviction in case number 89-1054 occurred on March 30, 1990, when the verdict was entered and the trial court orally adjudicated Martin guilty, and thus qualifies as a prior conviction. But the state’s argument does not comport with the facts or the law. Judgment and sentence in ease number 89-1054 was not entered until November 9, 1990, the same date the judgments and sentences were entered in case numbers 90-580 and 90-1327. A conviction must be final before it can constitute a “prior conviction” for the purpose of the habitual *1221 offender statute. See Frazier v. State, 452 So.2d 1015 (Fla. 5th DCA 1984) (error to sentence as a habitual offender where “pri- or felony” relied on by judge in enhancing sentence is not final). See also Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Garrett v. State, 335 So.2d 876 (Fla. 4th DCA 1976) (where defendant has taken an appeal from conviction, such conviction is not final and may not be relied on to convict him as a subsequent felony offender). The conviction in case number 89-1054 was not final on November 9, 1990, when the judgment and sentence was entered, nor has it yet become final, because it is the subject of this appeal. Thus, the trial court could not properly rely on the conviction in that case to sentence Martin as a habitual offender in ease number 90-1327. Accordingly, we vacate the sentence and remand for resentencing consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
SMITH and ALLEN, JJ., concur.

. Contrary to the state's assertion, Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990), does not hold that where the defendant does not dispute that he meets the requirements of being sentenced as a habitual felony offender the court need not make the findings set out in section 775.084(l)(a). In Bradford, this court specifically noted that the trial court had made such findings.