PER CURIAM.
Jason Kiley appeals the denial of his motion for postconviction relief, which the trial court properly treated as a motion to correct illegal sentence under rule 3.800(a). We therefore designate this appeal as a 3.800(a) appeal. Kiley’s motion alleged that his habitual violent felony offender (HVFO) sentence for second-degree murder was illegal because a robbery conviction that was relied on by the State as a predicate offense for HVFO sentencing was not final at the time he committed the murder. Because the robbery conviction was final at the time Kiley was sentenced on the second-degree murder conviction, we affirm.
Kiley was adjudicated guilty of strong arm robbery on December 16, 1997, and sentenced to six months in jail. Kiley asked for and received a furlough. He was to turn himself in after the holidays. On December 23, 1997, Kiley brutally murdered his supposed friend and was arrested. See Kiley v. State, 860 So.2d 509 (Fla. 4th DCA 2003) (describing Kiley’s bludgeoning of the victim), rev. denied, 882 So.2d 385 (2004). Kiley never appealed his strong arm robbery conviction. Kiley argues that, at the time he committed the murder, his robbery conviction was not final because he was on a furlough and had not begun serving his sentence on that offense.
Kiley was sentenced for the murder on January 22, 1999, at which time the trial court relied on the prior robbery conviction to classify and sentence Kiley as an HVFO. We reject Kiley’s argument that the robbery conviction could not be used to habitualize him on the murder offense. The plain terms of the HVFO statute support this conclusion. The HVFO statute permits enhanced sentencing if the defendant has previously been convicted of an enumerated felony and the felony for which the defendant is to be sentenced was committed “[w]ithin 5 years of the date of the conviction” of the prior enumerated felony. § 775.084(l)(b)2.b„ Fla. Stat. Kiley committed the murder well within five years of his robbery conviction.
Kiley is correct that, under existing case law, a conviction that is not final, because it is on appeal, cannot be relied on for habitualization. See Martin v. State, 592 So.2d 1219 (Fla. 1st DCA 1992). Arguably, Kiley’s robbery conviction was not final because the time for filing an appeal had not expired when he committed the murder. Kiley’s robbery conviction, however, was final in January 1999 when the trial court sentenced him as an HVFO for the murder. The HVFO statute did not operate until the “separate proceeding” where the court had to determine whether Kiley qualified for the enhanced penalty. See § 775.084(3)(a), Fla. Stat. (requiring the court to determine if the defendant qualifies as an HFO or HVFO in “a separate proceeding” and setting out the procedure). The legislative intent of punishing more severely those offenders who commit violent offenses soon after a conviction for a prior enumerated felony clearly applies to violent offenders such as Kiley.
The case law we have examined also supports the conclusion that the time of *676 sentencing as an HVFO is the relevant time frame for determining the finality of a prior conviction. See Delguidice v. State, 554 So.2d 35, 35 (Fla. 4th DCA 1990) (holding that the predicate conviction was not final “at the time of sentencing”); see also Breeze v. State, 641 So.2d 450, 451 (Fla. 1st DCA 1994) (remanding for resen-tencing, but instructing the trial court that it could not use any prior conviction that was not final as of the date of the original sentencing); Martin, 592 So.2d at 1221.
The motion to correct illegal sentence was properly denied because the robbery conviction in this case was final in January 1999 when the trial court determined that Kiley was an HVFO for sentencing on the murder conviction. We hold that the date of sentencing for the offense for which habitual offender sentencing is sought is the relevant time frame for determining the finality of predicate convictions.

Affirmed.

STEVENSON, C.J., WARNER and POLEN, JJ., concur.