496 So.2d 896 (1986)
William Taft COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-579.
District Court of Appeal of Florida, Second District.
October 17, 1986.
*897 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant pled nolo contendere to charges of burglary, aggravated assault, shooting into or within a building, and criminal mischief. He appeals three of his sentences.
Appellant was sentenced to a split sentence of three years' incarceration followed by five years' probation for the aggravated assault conviction. Aggravated assault is a third-degree felony punishable by a period of incarceration not to exceed five years. §§ 775.082(3)(d), 784.021, Fla. Stat. (1985). The combined periods of incarceration and probation cannot exceed the maximum statutory period of incarceration. State v. Holmes, 360 So.2d 380 (Fla. 1978). Since appellant received a split sentence which exceeds the statutory maximum, the sentence imposed for the aggravated assault conviction is improper.
The written sentence for shooting into or within a building reflects the imposition of a three-year firearm minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (1985). To impose the possession of a firearm minimum mandatory sentence, the offense for which appellant was sentenced must be among the listed statutory offenses. See Simmons v. State, 457 So.2d 534 (Fla. 2d DCA 1984). Shooting into or within a building is not one of the offenses enumerated under section 775.087(2). It may be, however, that this was a scrivener's error because at sentencing the court pointed out that in this instance the aggravated assault charge carried a three-year minimum mandatory sentence.
Lastly, by virtue of a single order, the trial court also placed appellant on probation for the felony convictions of burglary, aggravated assault and shooting into or within a building. A general order of probation predicated upon more than one conviction of criminal conduct is improper. There must be a separate order of probation for each offense. Cervantes v. State, 442 So.2d 176 (Fla. 1983). Therefore, the general order imposing probation upon appellant for the three criminal offenses was improper.
Accordingly, we affirm all of appellant's convictions and his sentence for criminal mischief. We reverse and remand for resentencing on the charges of burglary, aggravated assault and shooting into or within a building.
DANAHY, C.J., and CAMPBELL, JJ., concur.