517 So.2d 770 (1988)
Eugene McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2060.
District Court of Appeal of Florida, Second District.
January 6, 1988.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Eugene McCray appeals the six-year sentence of probation imposed after we remanded his original departure sentence on which he served time in prison. We reverse.
McCray was convicted of possession of less than twenty grams of cannabis, a misdemeanor, and possession of cocaine, a felony. The guidelines indicated a non-state prison sanction, but the court departed and sentenced him to the statutory maximums, five years imprisonment with credit for time served on the felony, and one year imprisonment on the misdemeanor to be served concurrently. Finding the reasons for departure invalid, this court remanded for resentencing.
The record reflects that at the time of resentencing McCray had already spent well over a year in prison on the sentences. The trial court resentenced him to five years probation for the felony and a consecutive term of one year probation on the misdemeanor. McCray objects that the imposition of six years probation after he has served approximately sixteen months in prison on the sentence violates the statutory maximum. We agree.
We find that the effect of the probation order entered on resentencing is that Appellant serve a split sentence of incarceration (the time already served on these offenses) and probation. The law is quite clear that when the court imposes a split sentence, the combined period of incarceration and probation may not exceed the statutory maximum. State v. Holmes, 360 So.2d 380 (Fla. 1978); Coleman v. State, 496 So.2d 896 (Fla. 2d DCA 1986).
It is also clear that a term of probation is not to exceed the statutory maximum for incarceration, Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976) and that *771 offenders sentenced to incarceration must be given credit for time served on their offenses. § 921.161(2), Fla. Stat. (1985). See also Kaye v. State, 514 So.2d 1158 (Fla. 2d DCA 1987). It was thus improper for the court to sentence McCray to a term of probation equal to the statutory maximum of incarceration without allowing him credit for all time served after his adjudication and sentence.
Since McCray has already served more than the maximum sentence for the misdemeanor charge, we direct that he be discharged on that offense.
Accordingly the sentence of probation is reversed and remanded to the trial court for resentencing in accord with this decision.
Reversed and remanded.
FRANK, A.C.J., and HALL, J., concur.