554 So.2d 35 (1990)
Dean DELGUIDICE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2241.
District Court of Appeal of Florida, Fourth District.
January 4, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
We affirm appellant's convictions but reverse the sentence and imposition of costs.
Appellant was sentenced as an habitual offender to ten years imprisonment to be followed by two years probation. The statutory maximum, as conceded by the state, was ten years and we therefore strike the added probationary period. McCray v. State, 517 So.2d 770 (Fla. 2d DCA 1988). The prior conviction relied upon to support the finding of habitual offender status was on appeal to this court, thus not final, at the time of sentencing. Reliance on it therefore constitutes reversible error. See State v. Villafane, 444 So.2d 71 (Fla. 4th DCA 1984). We reject appellant's contention that the trial court must reduce his findings in support of habitual offender status to writing. Parker v. State, 546 So.2d 727 (Fla. 1989). However, for the reasons indicated, we reverse and remand for resentencing, at which time as part of the sentencing process the trial court may either enter an order striking costs or conduct a hearing and impose costs, which we strike in the present appeal on the authority of Mays v. State, 519 So.2d 618 *36 (Fla. 1988) and a multitude of similar precedents.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
LETTS and STONE, JJ., concur.