PER CURIAM.
Appellant, Eugene Dickerson, timely appeals the judgment of conviction entered against him for possession of cocaine and sale of cocaine. Dickerson argues that the trial court committed reversible error 1) when it improperly assessed points for legal constraint for each of the substantive offenses for which he was sentenced, and 2) by scoring a prior uncounseled misdemeanor conviction on Dickerson’s sentencing guidelines scoresheet. Because of our resolution of the second issue, we need not address the first.
After pleading no contest to four offenses of possession and sale of cocaine, the trial court assessed fifty-six legal constraint points (fourteen for each offense) because Dickerson was on probation for a previous conviction of resisting arrest without violence. Dickerson contends that inasmuch as he had neither been represented by an attorney nor waived his right to counsel at the time he pled to the misdemeanor charge, his resulting sentence was illegal. Annechino v. State, 557 So.2d 915 (Fla. 4th DCA 1990) (“It is clear that prior uncounseled convictions cannot be used on a guidelines scoresheet if the defendant did not waive his right to counsel.”).
Because Dickerson expressed ignorance of any prior condition of probation imposed arising out of the county court proceeding, the trial judge ordered the clerk to bring the file into open court so that he might take judicial notice of its contents. While the file refutes Dickerson’s argument that he was not made aware of his probationary status, the supplemental record does raise a serious question as to whether his previous conviction was uncounseled. Even though it appears that Dickerson failed to contemporaneously raise this issue before the trial judge below, Dickerson nonetheless may raise the matter on appeal where the error is apparent from the four corners of the record. Dailey v. State, 488 So.2d 532, 533 (Fla.1986). Evidence in the supplemental record reveals that appellant pled nolo contendere to the resisting arrest charge without assistance of counsel and there is no indication that Dickerson waived his right to counsel. Thus, the burden shifts to the state to prove otherwise. See State v. Troehler, 546 So.2d 109, 112 (Fla. 4th DCA 1989); Smith v. State, 498 So.2d 1009, 1010 (Fla. 2d DCA 1986); Harrell v. State, 469 So.2d 169, 171 (Fla. 1st DCA), rev. denied, 479 So.2d 118 (Fla.1985).
Based on the foregoing, we remand this cause to the trial court so that it may conduct an evidentiary hearing to allow the state to overcome the presumption that Dickerson was denied counsel. Should the state fail to meet its burden, the trial court shall remove the legal constraint points from Dickerson’s scoresheet and resen-tence him accordingly. In the event the state satisfies its burden, our decision is without prejudice to Dickerson to raise again his first point on appeal regarding the propriety of the trial court’s assess *479 ment of points for legal constraint for each of the four substantive offenses for which Dickerson was sentenced.
REVERSED and REMANDED with instructions.
GLICKSTEIN, C.J., ANSTEAD, J„ and OFTEDAL, RICHARD L., Associate Judge, concur.