617 So.2d 338 (1993)
Rubin BAXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3922.
District Court of Appeal of Florida, First District.
April 13, 1993.
Appellant pro se.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
*339 PER CURIAM.
Rubin Baxter has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse in part and affirm in part.
On June 20, 1991, Baxter pled nolo contendere to aggravated battery in return for 7 years as an habitual offender. At the sentencing proceeding, Baxter orally stipulated that he qualified as an habitual offender, and the court sentenced him as such. The sentencing transcript does not reflect the predicate felony convictions relied upon for habitualization, and the trial court made none of the findings set forth at section 775.084(1)(a), Florida Statutes. Baxter did not move to withdraw his plea, and did not appeal.
He filed the instant motion in August 1992, alleging that his habitual offender sentence was illegal, in that one of the necessary predicate felony convictions was on appeal at the time of sentencing, citing Delguidice v. State, 554 So.2d 35 (Fla. 4th DCA 1990) (a prior conviction cannot support an habitual offender finding when the prior conviction is on appeal at the time of sentencing, and thus not final). Baxter also alleged ineffective assistance of counsel in advising him to agree to habitual offender sentencing when he did not actually qualify.
The trial court requested a response from the state. In that response, the state did not argue that Baxter's stipulation that he qualified for habitual offender sentencing made it unnecessary that he actually qualify for such status, nor did it dispute that the state relied on a conviction then on appeal in support of habitualization. Rather, it argued that the affirmance of the disputed conviction after Baxter's sentencing ratified its use to support habitualization. As for the allegation of ineffective assistance of counsel, the state cited the statement in the written plea agreement signed by Baxter that he was satisfied with his counsel. The trial court denied the motion on the grounds argued by the state, attaching the plea agreement and the sentencing transcript.
After initial review of this appeal, this court issued an order pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), directing the Attorney General to discuss two specifically delineated issues: 1) the applicability of Delguidice and a later case holding in accord therewith, Johnson v. State, 613 So.2d 143 (Fla. 2d DCA 1993); and 2) the effect of Baxter's stipulation that he qualified as an habitual offender, in the event he did not actually qualify. The state did not respond to the latter inquiry, nor make any argument that the stipulation obviated the need for qualifying convictions.
Rather, the state argued that Delguidice and Johnson held only that a conviction on appeal at the time of sentencing could not support habitualization if the conviction was eventually reversed. Because the disputed conviction herein was later affirmed, Baxter v. State, 584 So.2d 1034 (Fla. 4th DCA 1991), the state properly relied on it to support habitualization. The state also averred that, regardless of the disputed conviction, Baxter had two or more qualifying prior felony convictions so that he qualified for habitual offender in any case. However, the nature and dates of those convictions were not alleged, nor do they appear in the record before this court.
On the ground argued by the state in this case, we must reverse.[1] A careful reading of Delguidice and Johnson convinces us that the state's interpretation thereof is erroneous. The stated basis for the conclusion in those cases that it is improper to rely for habitualization on a *340 conviction which is then on appeal, is not that the disputed conviction was eventually reversed and thus non-existent. Rather, it is that a conviction on appeal at sentencing is not yet final. Delguidice at 35. It is therefore irrelevant that Baxter's disputed conviction was eventually affirmed. It was not final at the time of sentencing, and therefore could not support habitualization.
However, the state maintains that Baxter nevertheless qualifies for habitual offender status based on two or more different prior felony convictions. It notes that, at the same time the disputed conviction was affirmed in Baxter, the court reversed an accompanying habitual offender sentence in that the qualifying prior felony convictions were not sequential, as then required by Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). However, that holding was later quashed in State v. Barnes, 595 So.2d 22 (Fla. 1992). Baxter's prior non-sequential felony convictions therefore qualified him for habitual offender status herein.
While this argument is potentially meritorious, nothing in Baxter nor in the record now before this court reflects the exact nature and dates of the purported qualifying prior felony convictions. Therefore, we reverse the order herein appealed, and remand for entry of a new order attaching portions of the files and records showing that Baxter qualified for habitual offender status regardless of the disputed conviction. If necessary, the trial court may hold an evidentiary hearing to ascertain the existence of the purported qualifying prior felony convictions. We affirm the order insofar as it rejects Baxter's claim of ineffective assistance of counsel.
Affirmed in part and reversed in part with directions.
JOANOS, C.J., and BARFIELD and MICKLE, JJ., concur.
NOTES
[1] As noted in this opinion, the state makes no argument that Baxter's stipulation that he qualified for habitual offender sentencing obviates the necessity that he actually qualify for such status. In any case, we would have difficulty adopting such an argument in light of the well-established authority that a court cannot impose an illegal sentence pursuant to a plea bargain, nor a defendant agree to an illegal sentence as part of that bargain. Williams v. State, 500 So.2d 501, 503 (Fla. 1986); Danzy v. State, 603 So.2d 1320, 1322 (Fla. 1st DCA 1992). See also Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) (an habitual offender sentence is illegal if it is not a sentence that the trial court could, as a matter of law, have imposed).