PER CURIAM.
In this direct criminal appeal, appellant seeks review of both his conviction of second-degree murder and his sentence. He raises two issues: (1) whether the trial court committed reversible error when it overruled a hearsay objection and permitted testimony which it concluded was relevant to depict the victim’s state of mind; and (2) whether the trial court committed reversible error when it sentenced appellant as an habitual violent felony offender, because the predicate conviction relied upon was pending on direct appeal at the time of sentencing. We affirm appellant’s conviction without discussion. However, we are constrained to reverse appellant’s sentence and to remand for resentencing.
Appellant was indicted on the charge of first-degree murder. He was found guilty by a jury of second-degree murder. Following the verdict, the state served a notice of its intent to seek enhancement of appellant’s sentence, pursuant to section 775.084, Florida Statutes (1989), on the ground that appellant was an habitual violent felony offender. After a hearing, the trial court concluded that appellant qualified as an habitual violent felony offender by virtue of a 1992 conviction for attempted sexual battery. Accordingly, the trial court sentenced appellant, as an habitual violent felony offender, to life in prison, subject to a 15-year mandatory minimum term.
At the time of appellant’s sentencing, the 1992 attempted sexual battery conviction was pending on direct appeal before this court. Although that conviction was eventually affirmed, it is clear that that conviction could not be used to support a finding that appellant qualified as an habitual violent felony offender because the conviction was not yet final at the time of appellant’s sentencing. E.g., Baxter v. State, 617 So.2d 338 (Fla. 1st DCA 1993); Johnson v. State, 613 So.2d 143 (Fla. 2d DCA 1993); Delguidice v. State, 554 *451 So.2d 35 (Fla. 4th DCA 1990); Frazier v. State, 452 So.2d 1015 (Fla. 5th DCA 1984); Coleman v. State, 281 So.2d 226 (Fla. 2d DCA 1973). Accordingly, we must reverse appellant’s sentence. On remand, there is nothing to preclude the trial court from again enhancing appellant’s sentence pursuant to section 775.084, Florida Statutes (1989), provided that it finds that appellant qualifies for such treatment. However, the trial court may not rely upon any conviction which had not yet become final as of the date of appellant’s original sentencing — February 9, 1993 — as a predicate offense for that purpose.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER and BENTON, JJ., concur.
BOOTH, J., concurs in part and dissents in part with written opinion.