BOOTH, Judge,
concurring in part and dissenting in part:
We are required to reverse the sentence in this case because of this court’s opinion in Baxter v. State, 617 So.2d 338 (Fla. 1st DCA 1993). However, Baxter does not require that on remand for resentencing the trial court not consider the prior conviction which has since been affirmed on appeal. That position was not urged by the State in Baxter [1] and not considered by this court in that case.
I would, therefore, concur in the majority’s affirmance of the conviction for second-degree murder and in the remand for resen-tencing under Baxter, but would dissent from the limitation imposed on the trial court prohibiting use of the prior felony conviction as a basis for resentencing as a habitual offender.

. In Baxter, the State argued that “affirmance of the disputed conviction after Baxter’s sentence ratified its use to support habitualization.”