651 So.2d 781 (1995)
Ezekiel PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1306.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
Motion for Rehearing/Certification Denied April 6, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This appeal is from a sentence imposed pursuant to appellant's pleas of no contest to one count of delivery of cocaine and one count of possession of cocaine. We reverse and remand because the trial court erred by sentencing appellant based upon a guideline scoresheet which included convictions not yet final at the time of sentencing.
Appellant pled no contest to one count of delivery of cocaine and one count of possession of cocaine for offenses committed on December 17, 1993. The plea was based upon a guidelines sentence and included the provision that without justification the trial court could sentence appellant within one grid higher or lower than where appellant would fall. Counsel recommended that appellant be sentenced at the top end of his permitted range, but not be habitualized. At the plea colloquy, the court explained to appellant that it was not bound by the recommendation of counsel, accepted the pleas, ordered a presentence investigation (PSI) and set sentencing for a future date.
*782 At the sentencing hearing on April 21, 1994, the trial court announced that it had received and reviewed the PSI and the sentencing guidelines scoresheet. Both counsel indicated they were in agreement with the scoresheet. The scoresheet indicated a total of 201 points with a permitted sentencing range was five and one-half to twelve years prison and a recommended range of seven to nine years. Appellant was sentenced to twelve years on the delivery of cocaine charge and to time served on the possession of cocaine charge.
The guidelines scoresheet included an extensive prior record which included one conviction for delivery of cocaine and two convictions for possession of cocaine. The PSI revealed that appellant was convicted of possession of cocaine on November 1, 1988 and of delivery and possession of cocaine on November 3, 1992. The November 3, 1992 convictions were appealed to this court which on October 26, 1994 affirmed both convictions, but reversed on two sentencing errors.[1] The court granted appellant's motion to take judicial notice of the records in that case. The issue on appeal concerns whether these two convictions were properly scoreable as prior convictions where they were on appeal at the time of sentencing.
Sentencing errors that result in a departure from the presumptive guidelines and are apparent from the face of the record on appeal are reviewable even in the absence of a contemporaneous objection below. Taylor v. State, 601 So.2d 540 (Fla. 1992). Such is the case where the sentencing scoresheet contains a computation error or the record supports the contention that scored convictions were unscoreable. Dickerson v. State, 586 So.2d 477 (Fla. 4th DCA 1991); Gibbons v. State, 540 So.2d 144 (Fla. 4th DCA 1989). However, error is not apparent from the record where factual matters are not determinable from the record or if the alleged error would not alter the recommended range. See Dailey v. State, 488 So.2d 532 (Fla. 1986); Gibbons, 540 So.2d at 145.
In the instant case, it is apparent from the PSI and scoresheet that the November 3, 1992 convictions were scored and that they were on appeal at the time of sentencing. Appellant correctly asserts that the scoring of the November 3, 1992, convictions resulted in the assessment of thirty points. See Fla.R.Crim.P. 3.988(g). Without these thirty points, appellant's point total would be 171, placing him in a permitted sentencing range of four and one-half to nine years and a recommended sentencing range of five and one-half to seven years. See Fla.R.Crim.P. 3.988(g). Accordingly, we conclude that a departure sentence apparent from the record was imposed and this court has jurisdiction.
The focus of the issue on appeal is whether convictions which are on appeal are final for purposes of scoring prior convictions. Florida Rule of Criminal Procedure 3.701(d)(5) provides, in pertinent part: "`Prior record' refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." There does not appear to be case law precisely on point with the facts of this case.
We are persuaded by appellant's analogy of the instant situation to that of cases which hold convictions on appeal are not final, and therefore not to be considered, for purposes of imposing an enhanced habitualized offender sentence.
It appears to be very well settled that before a prior conviction may be relied upon to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court.
Joyner v. State, 158 Fla. 806, 30 So.2d 304, 305 (1947), superseded on other grounds as recognized in State v. Barnes, 595 So.2d 22 (Fla. 1992); see also Breeze v. State, 641 So.2d 450 (Fla. 1st DCA 1994); Baxter v. State, 617 So.2d 338 (Fla. 1st DCA 1993); Delguidice v. State, 554 So.2d 35 (Fla. 4th DCA 1990); Garrett v. State, 335 So.2d 876 (Fla. 4th DCA 1976); see also State v. Villafane, *783 444 So.2d 71 (Fla. 4th DCA 1984) (applying enhancement of punishment rule to enhancement of crime charged).
Under these habitualized offender cases, the fact that the prior convictions are affirmed on appeal does not ratify their use in the previous sentencing because such convictions were not final at the time of sentencing. Breeze, 641 So.2d at 450; Baxter, 617 So.2d at 339-40. In resentencing the defendant, the court may consider only those convictions which were final at the time of the original sentencing, and, therefore, may not consider convictions that have since been affirmed by the appellate court. Breeze, 641 So.2d at 450-51.
The habitual offender cases are analogous to the instant case because the policy of the habitual offender statute is similar to that of scoring prior records. The supreme court explained in Ruffin v. State, 397 So.2d 277, 282 (Fla. 1981), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981), receded from on different grounds, Scull v. State, 533 So.2d 1137 (Fla. 1988), that "the purpose of the habitual offender statute `is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed.'" (citation omitted). Thus, it is essential that the conviction be "final" before being used to impose a habitualized sentence. Id. This is in contrast to using past convictions to establish the character of the defendant or propensity to commit a crime, for example in considering aggravating or mitigating circumstances in a capital case. Id.
Similar to the purpose of habitualization, the purpose underlying the scoring of prior convictions is that "[t]he severity of the sanction should increase with the length and nature of the offender's criminal history." Fla. R.Crim.P. 3.701(b)(4). Thus, the requirement of finality of a conviction would seem to be equally as important in scoring a prior record as it is in habitualizing a defendant.
Accordingly, we reverse and remand for resentencing without the thirty points from the November 3, 1992 convictions. Even though the trial court had the discretion to sentence appellant within one cell higher than where he scored, appellant is entitled to be resentenced pursuant to a properly calculated scoresheet. Gibbons, 540 So.2d at 145. Since there is no indication that the trial court knew it was imposing a departure sentence, on remand the trial court has discretion to either resentence appellant within the guidelines or consider whether departure is appropriate. State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
HERSEY, GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] See Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994).