PER CURIAM.
Appellant appeals his sentence for burglary of a dwelling following his entry of a guilty plea. The assistant public defender filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), together with a supporting brief asserting that he could find no grounds to support an argument on direct appeal that the trial court committed reversible error in the imposition of a guidelines sentence where any error in the guideline scoresheets was not apparent or determinable from the record on appeal. Appellant pro se claims that his sentence was based on a scoresheet that included points for prior convictions under an alias of Carlton Lee Harris, an alias he never used. However, a contemporaneous objection to the scoresheet was required unless the error is apparent from the face of the record, which it is not in this case. See Peterson v. State, 651 So.2d 781 (Fla. 4th DCA 1995). In addition, the record before us indicates that appellant admitted to all of the prior crimes when the trial court reviewed the list of prior criminal offenses with him.
We do agree, as pointed out by appellant’s counsel, that the restitution order of *409 $260 should be stricken because it was not orally pronounced at sentencing. See McBride v. State, 617 So.2d 405 (Fla. 4th DCA 1993). Accordingly, we grant the motion to withdraw of the office of public defender pursuant to Anders, affirm the sentence, but remand with directions that the order of restitution be stricken.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
GUNTHER, C.J., and PARIENTE and STEVENSON, JJ., concur.