667 So.2d 199 (1996)
STATE of Florida, Petitioner,
v.
Ezekiel PETERSON, Respondent.
No. 85583.
Supreme Court of Florida.
February 1, 1996.
Robert A. Butterworth, Attorney General; Joan Fowler, Senior Assistant Attorney General, Bureau Chief and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and David McPherrin, Assistant Public Defender, West Palm Beach, for Respondent.
WELLS, Justice.
We have for review Peterson v. State, 651 So.2d 781 (Fla. 4th DCA 1995), which expressly and directly conflicts with Thorp v. State, 555 So.2d 362 (Fla. 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Ezekiel Peterson pled no contest to one count of delivery of cocaine and one count of possession of cocaine for offenses committed on December 17, 1993. The plea was based on a guideline sentence, and counsel recommended that Peterson be sentenced at the top end of the permitted range but not be habitualized. Peterson's scoresheet totaled 201 points, placing him in a cell with a maximum permitted sentence of twelve years. See Fla.R.Crim.P. 3.988(g). Neither side objected *200 to this score, which included thirty points for prior convictions pending appeal for delivery and possession of cocaine.[1] Absent these thirty points, the maximum permitted sentencing would have been nine years. Id. The court then sentenced Peterson to twelve years on the delivery of cocaine charge and to time served on the possession of cocaine charge.
On appeal, the Fourth District Court of Appeal reversed Peterson's sentence. The court initially noted that it was able to review this issue in spite of the lack of objection below because the sentencing error resulted in a departure sentence and was apparent from the face of the record on appeal. See Peterson, 651 So.2d at 782. Next, the district court addressed the question of whether a conviction pending appeal would properly be scored on the guideline scoresheet. Finding no guidance from Florida Rule of Criminal Procedure 3.701 or case law on point, the court analogized the scoring of prior convictions for sentencing guidelines to sentencing decisions under the habitual offender statute. See § 775.084, Fla. Stat. (1993).
Habitual offender sentences are enhanced sentences given in an attempt "`to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed.'" 651 So.2d at 782-83 (quoting Ruffin v. State, 397 So.2d 277, 282 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981)). Similarly, the court found that under the guidelines, the severity of the sanction should increase with the length and nature of the offender's criminal history. Fla.R.Crim.P. 3.701(b)(4). In habitual offender cases, before a prior conviction may be relied upon to enhance the punishment in a subsequent case, the conviction must be final. 651 So.2d at 782 (citing Joyner v. State, 158 Fla. 806, 808, 30 So.2d 304, 305 (1947)). If the defendant files an appeal from the judgment of guilty, finality occurs when an appellate court affirms the lower court's judgment. Id. Following this rationale, the district court held that convictions which are pending appeal are not appropriately included in the guideline scoresheet calculation and therefore reversed and remanded Peterson's sentence for scoring based upon a properly calculated scoresheet. 651 So.2d at 783.
The issue we are faced with today is whether a conviction pending appeal is properly scored as "prior record" in a guideline scoresheet. To resolve this issue, we turn to Florida Rule of Criminal Procedure 3.701. Under the guidelines, the state attorney's office prepares a scoresheet to determine an appropriate score for the offender. Fla. R.Crim.P. 3.701(d)(1). This scoresheet not only includes scores for all offenses pending before the court for sentencing, Fla. R.Crim.P. 3.701(d)(1), but scores for the offender's prior record, which include any past criminal conduct on the part of the offender which resulted in a conviction prior to the commission of the primary offense.[2]See Fla. R.Crim.P. 3.701(d)(5). A conviction is defined as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of a sentence was suspended." Fla. R.Crim.P. 3.701(d)(2). The State contends that based upon the clear meaning of the rule, Peterson's convictions were properly included in the scoresheet because Peterson was found guilty of those offenses. On the other hand, Peterson argues that since the rule does not specifically address whether convictions must be affirmed on appeal before they can be properly scored, the statute is not clear and therefore these convictions should not be included in the scoresheet.
We decline Peterson's invitation to read into the rule the requirement that sentences pending appeal not be included as prior record. The rule simply states that convictions are determinations of guilt. In attempting to establish consistent standards in the sentencing process, the guidelines contemplate *201 that all relevant information be included in the scoresheet calculation. This information properly includes all determinations of guilt without regard to whether they have yet been reviewed on appeal.[3]
We have rejected other comparisons between the sentencing guidelines and habitual offender statutes. See, e.g., Thorp. In Thorp, this Court analyzed rule 3.701(d)(5) and held that an offender's prior record should include all past crimes for which convictions have been obtained before sentencing. Reaching this result, we stated:
The theory of giving the criminal an opportunity to reform which requires that the conviction of the prior crime predate the commission of the subject offense before it can be considered in sentencing under a recidivist statute, Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), is not pertinent to sentencing under the guidelines. The use of the guidelines presupposes that all pertinent information concerning the defendant has been considered in determining the proper length of his sentence.
555 So.2d at 363 (quoting Falzone v. State, 496 So.2d 894, 896 (Fla. 2d DCA 1986)).
Similarly, we find the purpose of requiring convictions to be affirmed on appeal before being used to enhance a sentence under the habitual offender statute is not germane to the sentencing guidelines. The sentencing guidelines take away much of the trial court's discretion in order to establish consistency in sentencing. This is in sharp contrast to the habitual offender statute, which gives the trial court broad latitude to sentence defendants to extended prison terms in an effort to protect society from recidivists. See Burdick v. State, 594 So.2d 267, 270 n. 8 (Fla. 1992) (noting that while both the habitual offender statute and the sentencing guidelines consider the defendant's prior record, the habitual offender statute contradicts the principles of the sentencing guidelines). Again, as we stated in Thorp:
The guidelines contemplate substantial uniformity in sentencing. Departure sentences are the exceptions to the norm. The guidelines schedules are based upon relevant information concerning the nature of the offender's crime and his prior record. There is little reason why prior record should not include all past crimes for which convictions have been obtained before sentencing. To hold otherwise would encourage needless departures predicated upon unscored convictions.
Thorp, 555 So.2d at 363. Consequently, we reject the district court's analogy in the instant case between the sentencing guidelines and the habitual offender statute.
Accordingly, we hold that under the sentencing guidelines, a conviction must be scored as prior record, without regard to whether appeal is taken. We therefore quash the district court's decision in this case and direct that the sentence imposed by the trial court be affirmed.[4]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
KOGAN, J., concurs in result only.
NOTES
[1] While Peterson did not object to the inclusion of these scores in the scoresheet, he did ask the district court to take judicial notice of the records of those convictions.
[2] The committee notes to rule 3.701(d)(5) state: "Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication has been withheld or the record has been expunged."
[3] Our decision today is in harmony with other decisions defining "conviction" in other contexts. See Stevens v. State, 409 So.2d 1051 (Fla. 1982) (finding that a court may properly revoke a defendant's probation for a subsequent conviction on the basis of a conviction subject to appeal); Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981) (finding that a conviction does not need to be affirmed on appeal for purposes of finding the aggravating circumstance of "previously convicted of another capital offense" in death penalty sentencing).
[4] A criminal defendant whose sentence was based on a scoresheet which included scores for crimes subsequently overturned on appeal would of course be able to file for postconviction relief from the sentence.